## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOLAN KINARD FLOYD, SR., <br><br> Plaintiff, <br><br> v. <br><br> A.S.A. ALLISON MAINEN, ESQ., <br><br> Defendant. | Civil Action No.: JKB-22-1056 |

### MEMORANDUM ORDER

Plaintiff Nolan Kinard Floyd, Sr. who is incarcerated at Baltimore County Detention Center, has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Floyd appears indigent, his request to proceed without pre-payment of the filing fee is granted. However, for the reasons stated below, the Complaint must be dismissed.

Floyd alleges that in August 2019, Maryland Assistant State's Attorney Allison Mainen tried Floyd for first-degree attempted murder, Case No. 119072006. ECF No. 1 at 2. Floyd asserts that Mainen used false 9-1-1 calls and testimony to falsely convict him of a crime he did not commit. *Id.* Floyd states Mainen also failed to disclose exculpatory evidence prior to trial. *Id.* at 3. Mainen allegedly conspired with witnesses to provide false testimony at Floyd's trial. *Id.* Floyd seeks declaratory and monetary relief. *Id.* at 3-4.

As noted, Floyd filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations…It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect the judicial process; thus, in determining whether a prosecutor is immune for certain conduct, the inquiry is whether a prosecutor's actions are closely associated with the judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero,* 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero,* 890 F.3d at 118, that: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509

2

U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

Because the decisions whether, when, and how to prosecute pertain to the role of advocate Defendant Mainen's actions, as alleged in the Complaint, are prosecutorial in nature and she enjoys absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Accordingly, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);
2. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
3. The Clerk SHALL SEND a copy of the Memorandum Order to Floyd; and
4. The Clerk SHALL CLOSE this case.

Dated this 6 day of June, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge